IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David D. Stanfield, | ) C/A No.: 2:15-CV-00756-PMD-MGB |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT & RECOMMENDATION |
| | )     OF MAGISTRATE JUDGE |
| Charleston County Court, et al. | ) |
| Defendants. | ) |

  This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings have been referred to the assigned United States Magistrate Judge.

  Plaintiff filed a Motion For Preliminary Injunction and TRO. (Dkt. No.4.)  This court issued an order giving Plaintiff leave to serve notice on Defendants of his motion for a preliminary injunction as required by FED. R. CIV. P. 65(a)(1).  (Dkt. No. 10.)

  Plaintiff's Complaint alleges two judgments were issued against him without proper notice in "Charleston County Court" on May 12, 2011. (Dkt. No. 1 at 1.)  Plaintiff alleges Defendants violated his "civil rights" and seeks relief under the "Declaratory Judgement Act." (Id. at 3.)  Plaintiff has now filed a motion for a temporary restraining order ("TRO") to enjoin the enforcement of the judgments against him.  (Dkt. No. 4.)

  A court may grant a TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(a).  Plaintiff has not filed any affidavit with his motion. (See Dkt. No. 4.)  His Complaint is not a verified complaint.  (See Dkt. No. 1.)  Plaintiff fails to satisfy the rule.  In addition to subsection (a), FED. R. CIV. P. 65(b)(1)(b) requires "the movant's attorney certif[y] in writing any efforts made to give notice [to adverse parties] and the reasons why it should not be required."  Plaintiff's motion falls short on this requirement as well.  It fails to address notice to Defendants entirely.

Based on the foregoing, it is recommended that Plaintiff's Motion For Preliminary Injunction and TRO, (Dkt. No. 4.) be denied as it relates to the TRO.

IT IS SO RECOMMENDED.

Signature Page Attached.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 26, 2015
Charleston, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).