# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| David D. Stanfield, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-0756-PMD-MGB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Charleston County Court; Thomas L. Hughston, Jr.; and Kristi L. Harrington, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 12), recommending that this Court deny Plaintiff David D. Stanfield's ("Plaintiff") Motion for Preliminary Injunction and TRO (ECF No. 4) ("Motion") as it relates to his request for a temporary restraining order ("TRO"). Plaintiff has filed Objections to the R&R (ECF No. 16). The Court has carefully reviewed and considered the entire record, including Plaintiff's Objections, and finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, the Court hereby adopts the Magistrate Judge's R&R and incorporates it into this Order.

## STANDARD OF REVIEW

A magistrate judge makes only a recommendation to this Court on dispositive motions heard pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written

---

1. In the present case, the Magistrate Judge entered a recommendation as to Plaintiff's Motion rather than a pretrial order pursuant to Rule 72(a). Accordingly, the Court will review the R&R and consider Plaintiff's Objections under Rule 72(b). Nevertheless, both standards lead this Court to the same conclusion, as the Magistrate Judge's R&R easily withstands Plaintiff's Objections under either level of scrutiny.

objection to the magistrate judge's proposed findings and recommendations within fourteen days after being served a copy of the recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This Court is charged with conducting a de novo review of any portion of a recommendation to which a specific objection is registered, and the Court may accept, reject, or modify the magistrate judge's findings and recommendations in whole or in part.  28 U.S.C. § 636(b)(1). Additionally, the Court may receive additional evidence or recommit the matter to the magistrate judge with instructions.  *Id.*  A party's failure to object is accepted as an agreement with the conclusions of the magistrate judge.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  In the absence of a timely filed, specific objection—or as to those portions of the magistrate judge's recommendation to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).  Moreover, absent specific objections, this Court need not provide any explanation for adopting the magistrate judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## DISCUSSION

On February 23, 2015, Plaintiff, proceeding *pro se*, filed this action against Defendants Charleston County Court; Thomas L. Hughston, Jr.; and Kristi L. Harrington (collectively "Defendants").[2]  Plaintiff's Complaint alleges that two judgments were issued against him without proper notice in "Charleston County Court" on May 12, 2011, in violation of his "civil rights."  (Pl.'s Compl. 1, 3, ECF No. 1).  Plaintiff seeks declaratory and injunctive relief under the "Declaratory Judgement [sic] Act and other applicable Federal statutes."  (*Id.* at 1).  Along

---
[2].    Pursuant to Local Civil Rule 73.20(B)(2)(e) (D.S.C.), all pretrial proceedings have been referred to a United States Magistrate Judge.

with his Complaint, Plaintiff also filed the present Motion requesting preliminary injunctive relief, as well as a temporary restraining order, enjoining the enforcement of the two judgments. Plaintiff's Motion was accompanied by a Memorandum in Support.

On February 26, 2015, the Magistrate Judge issued an Order (ECF No. 10) giving Plaintiff leave to serve notice of his Motion on Defendants, as required by Rule 65(a)(1) of the Federal Rules of Civil Procedure. The same day, the Magistrate Judge also entered the instant R&R, recommending that the Court deny Plaintiff's Motion as it relates to his request for a TRO. More specifically, the Magistrate Judge determined that the TRO should not issue because Plaintiff failed to comply with Rule 65(b)(1)(A), which provides that a court may grant a TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Magistrate Judge correctly noted that Plaintiff's Complaint was not verified and his Motion was not accompanied by an affidavit. Additionally, the Magistrate Judge properly concluded that Plaintiff's Motion failed to address the issue of notice to adverse parties and therefore does not comply with Rule 65(b)(1)(B), which requires that "the movant's attorney certif[y] in writing any efforts made to give notice [to adverse parties] and the reasons why it should not be required." *Id.* R. 65(b)(1)(B).

On March 4, 2015, Plaintiff filed an Affidavit in Support of Preliminary Injunction and TRO (ECF No. 15). Shortly thereafter, on March 13, 2015, Plaintiff filed his Objections to the R&R. Plaintiff's Objections state, in full, as follows:

> 1. Plaintiff has notified all Defendants by Certified mail of the Motion for Preliminary injunction and TRO, as well as the initial complaint. See attached Certified mail receipts.

3

> 2. Plaintiff has filed an affidavit with the court explaining irreparable harm if the TRO is denied. Plaintiff has included a copy of the Affidavit to all defendants in his service.

(Pl.'s Objections 1, ECF 16). As referenced, Plaintiff attached copies of the Certified Mail receipts to his Objections.

Notably, Plaintiff's Objections do not allege or identify any specific error committed by the Magistrate Judge; instead, Plaintiff simply offers an update regarding the deficiencies identified in the R&R. Accordingly, such an objection lacks the requisite specificity under Rule 72(b) to trigger, or otherwise invite, de novo review. *See Diamond*, 416 F.3d at 315–16. Therefore, the Court, which has "satisf[ied] itself that there is no clear error on the face of the record," *id.* (quoting Fed. R. Civ. P. 72 advisory committee note) (internal quotation marks omitted), accepts and adopts the Magistrate Judge's R&R and fully incorporates it into this Order. To the extent Plaintiff merely attempts to provide an update as to the recent filings in support of his Motion, the Court hereby refers and recommits this matter to the Magistrate Judge for consideration in the context of Plaintiff's remaining request for preliminary injunctive relief.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. It is **THEREFORE ORDERED** that Plaintiff's Motion is **DENIED** as it relates to the TRO. Accordingly, this action is referred back to the Magistrate Judge for further pretrial matters.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**April 23, 2015**
**Charleston, South Carolina**

4