IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| David D. Stanfield, | ) | C/A No.: 2:15-cv-756-PMD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Charleston County Court; Thomas L. Hughston, Jr.; and Kristi L. Harrington, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff David D. Stanfield ("Plaintiff" or "Stanfield"), proceeding pro se, brings the instant civil action against the Charleston County Court and two South Carolina Circuit Court Judges, Thomas L. Hughston, Jr. and Kristi L. Harrington. (See generally Dkt. No. 1.) This matter is before the Court upon Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 4) and Defendants' Motion to Dismiss. (Dkt. No. 18.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial proceedings involving litigation by individuals proceeding pro se are referred to a United States Magistrate Judge for consideration.

Plaintiff brought the instant action on February 23, 2015. (Dkt. No. 1.) At the same time he filed the Complaint, he filed a Motion for Preliminary Injunction and Motion for Temporary Restraining Order ("TRO"). (Dkt. No. 4.) On February 26, 2015, the undersigned issued a Report and Recommendation, recommending that Plaintiff's Motion for a TRO for be denied. (Dkt. No. 12.) On April 23, 2015, Judge Duffy adopted that recommendation, thereby denying Plaintiff's Motion for a TRO and deferring ruling on Plaintiff's Motion for a Preliminary Injunction. (Dkt. No. 23.)

On March 23, 2015, Defendants filed a Motion to Dismiss. (Dkt. No. 18.) By order filed March 24, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 19.) Plaintiff filed a Response in Opposition to the Motion to Dismiss. (Dkt. No. 22; Dkt. No. 25; see also Dkt. No. 28.)

## BACKGROUND

Plaintiff alleges in the instant action that on May 12, 2011, two judgments were issued against him in the Charleston County Court of Common Pleas. (Dkt. No. 1 at 1 of 4.) Plaintiff complains that the judgments "were decided during motion hearings **IN THE ABSENCE** of Plaintiff." (Id.) Plaintiff asserts that the Charleston County Court "did not follow the established rules of Civil Procedure in requiring proper service to be performed before rendering" the judgments. (Id.) He alleges his "basic civil rights to a fair trial and due process have been deprived," and his property "is in the process of being seized without proper Due Process." (Id.) Plaintiff states that he "is still attempting" to have the judgments set aside in state court, but because they "had been in place for several months before Plaintiff even realized the action had taken place," the state court is reluctant "to act in favor of Plaintiff's plea." (Id.) According to Plaintiff, he moved twice during the "2010 and 2011 trial time period," and "[a]lthough the opposing attorney knew of the proper address for service none was ever attempted." (Id.) Plaintiff alleges he learned of the judgments "several months after the fact, when the Colleton County Sheriff's office sent a notice of confiscation of assets." (Id.)

As to Defendant Harrington, Plaintiff alleges she violated his due process rights on March 2, 2011 in granting two default judgments against Plaintiff, in his absence, "to two persons on a

2

slander complaint without proper service and notice of action on Plaintiff." (Id. at 2 of 4.) According to Plaintiff, Judge Harrington knew "that proper service was not accomplished during the March 02, 2011" hearing, but instead of continuing the hearing and ordering proper service, she "allowed the hearing to take place" and "found Plaintiff guilty of all charges by default." (Id.)

As to Defendant Hughston, Plaintiff alleges Judge Hughston conducted a damages hearing, in Plaintiff's absence, on May 9, 2011. (Id.) Plaintiff asserts he was not served notice of this hearing, despite Judge Harrington's verbal order during the March 2 hearing "telling the attorney to 'make sure the Plaintiff knows what is going on.'" (Id.) Plaintiff alleges Judge Hughston's May 12, 2011 post-hearing order "makes a fraudulent statement concerning service"–that Plaintiff was "properly served by Certified mail and failed to appear for the March 02, 2011 hearing before Judge Harrington." (Id.) Plaintiff alleges, "Based on this statement he finds Plaintiff in Default and grants Judgements in the amount of $57,316 and $63,052 to the two individuals." (Id.) Plaintiff contends that Judge Hughston "committed [j]udicial malpractice by failing in his [d]ue [d]iligence with respect to the proper service requirement and confirming the accuracy of an order . . . for his signature." (Id.) Plaintiff alleges that "[t]he fraudulent statement of service [b]y Judge Hughston and the subsequent action taken by Judge Hughston, finding Plaintiff in default, ha[s] robbed Plaintiff of his rights of Due Process." (Id. at 3 of 4.)

Plaintiff states that he began the appeals process in state court as a pro se litigant, but the appeal was dismissed without being heard "after Plaintiff failed to file a scheduled brief by the allotted time." (Id.) He asserts the federal court is Plaintiff's "final hope for relief" as the judgments "will soon be enforced and Plaintiff's personal property will be confiscated." (Id.)

In the Relief section of his Complaint, Plaintiff asks that the Court take the following actions:

3

10. Grant a Declaratory Judgement as to the civil right[s] violation noted in the complaint. Plaintiff's right to a fair trial, Due Process, right to face his accuser, right to [j]ury and security from seizure of property, have all been violated through the Defendant's [a]lleged [j]udicial malpractice and failure to follow proper judicial procedure.

11. Grant Coercive relief on account of the Civil Rights violation stated above and [c]oerce the [s]tate court to allow a trial on the merits of the accusations listed in the [s]tate complaint filed against Plaintiff.

12. Grant a Preliminary Injunction and TRO to forestall any irreparable damage to Plaintiff thru enforcement of the Judgements in question and seizure of Plaintiff's personal property.

(Id. at 4 of 4.)

## DISCUSSION

As noted above, Defendants have filed a Motion to Dismiss. (Dkt. No. 18.) Defendants contend, *inter alia*, that the instant case should be dismissed because "Plaintiff's allegations and requests for relief are practically identical to an earlier, similar case which was rejected" by the Court. (Dkt. No. 18 at 1 of 5.) Defendants are referring to Stanfield v. Wigger, et al., Civ. A. No. 2:14-cv-839-PMD, and assert that the instant action should be dismissed for the same reasons that Stanfield v. Wigger, et al., was dismissed. (See generally Dkt. No. 18.)

The undersigned recommends granting Defendants' Motion to Dismiss (Dkt. No. 18) and dismissing Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 4) as moot. In the instant action, Plaintiff essentially attempts to challenge a state court decision. (See generally Dkt. No. 1.) Such an attempt is prohibited by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that "lower federal courts generally do not have jurisdiction to review state-court decisions; rather,

4

jurisdiction to review such decisions lies exclusively with the superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); see also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The doctrine "precludes federal 'review of adjudications of the state's highest court [and] also the decisions of its lower courts.'" Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004) (quoting Jordahl v. Democratic Party, 122 F.3d 192, 199 (4th Cir. 1997)). In a 2005 opinion, the United States Supreme Court clarified the scope of the Rooker-Feldman doctrine, stating,

> The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Subsequently, the Fourth Circuit stated,

> Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker–Feldman doctrine does not apply.

Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006).

In the instant case, Plaintiff attempts to sue the Charleston County Court as well as two state court judges who presided over the at-issue state court proceedings, seeking relief from those proceedings. This is precisely the paradigm of cases prohibited by the Rooker-Feldman doctrine. See Davani, 434 F.3d at 719 ("[I]f the state-court loser seeks redress in the federal district court for

5

the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court."); see also Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.");[1] Perry v. South Carolina, Civ. A. No. 2:13-cv-2186-DCN, 2013 WL 5428556, at *5 (D.S.C. Sept. 26, 2013) ("As Plaintiff is claiming that she was injured by decisions made and outcomes reached in Dorchester County courts, to rule in Plaintiff's favor on her constitutional claims would, necessarily, require this Court to overrule and reverse orders and rulings made in the state courts. Such a result is prohibited under the Rooker–Feldman doctrine."). Defendants' motion should therefore be granted, and Plaintiff's Motion for a Preliminary Injunction should be dismissed as moot.[2]

---

[1] Despite some similarity with the case *sub judice*, the recent unpublished decision in Westlake Legal Group v. Yelp, Inc., 599 F. App'x 481 (4th Cir. 2015), does not require a different result. In that case, the Fourth Circuit held that the Rooker-Feldman doctrine did not apply because "Yelp has not brought a new federal case seeking to challenge a state court judgment but has removed an existing state case where a motion to set aside the judgment was pending." Westlake Legal Group, 599 F. App'x at 483. Of course, in the instant case, Plaintiff has brought a new federal case seeking to challenge a state court judgement.

[2] The undersigned further notes that Plaintiff is not entitled to injunctive relief against Defendant Hughston or Defendant Harrington. See Roth v. King, 449 F.3d 1272, 1286 (D.C. Cir. 2006); Lawrence v. Kuenhold, 271 F. App'x 763, 766 n.6 (10th Cir. 2008); see also Donato Malave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013) (noting that the precedent established by Pulliam v. Allen, 466 U.S. 522 (1984), was "abrogated by the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847, which amended § 1983 and provided that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" (citation omitted)); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (barring injunctive relief against a quasi-judicial official). And to the extent Plaintiff seeks a declaration that Defendants violated his rights in the past, he is not entitled to any such declaration. See Blakeney v. Marsico, 340 F. App'x 778, 780 (3d Cir. 2009) ("[E]ven if defendants[, a judge and a district attorney,] violated [the plaintiff's] rights in the past as he alleges, he is not entitled to a declaration to that effect."); Johnson v. McCuskey, 72 F. App'x 475, 477-78 (7th Cir. 2003) (noting the plaintiff was "not seeking declaratory relief in the true legal sense" where the plaintiff asked the "district court to 'declare' that Magistrate Judge Bernthal and Judge McCuskey acted improperly in various ways when deciding the motion for a change of venue" and stating, "Declaratory judgments are not meant simply to proclaim that one party is liable to another.").

## CONCLUSION

WHEREFORE, it is RECOMMENDED that Defendants' Motion to Dismiss (Dkt. No. 18) be GRANTED, and that Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 4) be DISMISSED as moot.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 23, 2015
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).