**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| David D. Stanfield, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-0756-PMD-MGB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Charleston County Court; Thomas L. Hughston, Jr.; and Kristi L. Harrington, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 29), recommending that this Court dismiss as moot Plaintiff David D. Stanfield's ("Plaintiff") Motion for Preliminary Injunction (ECF No. 4) ("Motion for Preliminary Injunction") and grant Defendants' Motion to Dismiss (ECF No. 18) ("Motion to Dismiss"). Plaintiff has filed Objections to the R&R (ECF No. 32). The Court has carefully reviewed and considered the entire record, including Plaintiff's Objections, and finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, the Court hereby adopts the Magistrate Judge's R&R and incorporates it into this Order.

**LEGAL STANDARDS**

**I.   Role of the Magistrate Judge**

A magistrate judge makes only a recommendation to this Court on dispositive motions heard pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written

objection to the magistrate judge's proposed findings and recommendations within fourteen days after being served a copy of the recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  This Court is charged with conducting a de novo review of any portion of a recommendation to which a specific objection is registered, and the Court may accept, reject, or modify the magistrate judge's findings and recommendations in whole or in part.  28 U.S.C. § 636(b)(1).  Additionally, the Court may receive additional evidence or recommit the matter to the magistrate judge with instructions.  *Id.*  A party's failure to object is accepted as an agreement with the conclusions of the magistrate judge.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  In the absence of a timely filed, specific objection—or as to those portions of the magistrate judge's recommendation to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).  Moreover, absent specific objections, this Court need not provide any explanation for adopting the magistrate judge's analysis and recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II.  *Pro Se* Litigants

The Court is mindful that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  The liberal construction requirement, however, does not mean that the Court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

2

### III. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court "articulated a 'two-pronged approach' to assessing the sufficiency of a complaint." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). First, the complaint must "contain factual allegations in addition to legal conclusions." *Id.* Under Rule 8's pleading standard, "a formulaic recitation of the elements of a cause of action will not do," *id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted), and "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Second, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the complaint must demonstrate that the plaintiff's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.* Accordingly, "[d]etermining

whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When ruling on a Rule 12(b)(6) motion to dismiss, the trial judge must accept as true all of the facts alleged in the plaintiff's complaint and construe all reasonable inferences in favor of the plaintiff.  *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).  The court must determine whether the allegations give rise to a plausible right to relief, *Iqbal*, 556 U.S. at 679; however, it should "not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments,'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Thus, although the court must accept a plaintiff's well-pleaded factual allegations as true for purposes of ruling on the motion, the complaint must nevertheless satisfy the "two-pronged" test articulated by the Supreme Court.  *Iqbal*, 556 U.S. at 679.

**IV. Motion for Preliminary Injunction**

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."  *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (en banc) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)) (internal quotation marks omitted).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *United States v. South Carolina*, 720 F.3d 518, 524 (4th Cir. 2013) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390,

395 (1981)) (internal quotation marks omitted).  Because granting a motion for preliminary injunctive relief "requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way," "[t]he danger of a mistake in this setting is substantial."  *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (quoting *Am. Hosp. Supply Corp. v. Hosp. Prods., Ltd.*, 780 F.2d 589, 593 (7th Cir. 1986)) (internal quotation marks omitted).  Accordingly, the decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court.  *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

The Supreme Court set forth the current standard for granting preliminary injunctive relief in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).  To obtain a preliminary injunction, the moving party "must demonstrate that (1) they are likely to succeed on the merits; (2) they will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in their favor; and (4) the injunction is in the public interest."  *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) (citing *Winter*, 555 U.S. at 20).  Moreover, *Winter* requires that each preliminary injunction factor "be satisfied as articulated."  *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013) (internal quotation omitted).  Therefore, the movant bears a heavy burden in seeking a preliminary injunction.  *See id.* at 321.

## BACKGROUND

On February 23, 2015, Plaintiff, proceeding *pro se*, filed this action against Defendants Charleston County Court; Thomas L. Hughston, Jr.; and Kristi L. Harrington (collectively "Defendants").[1]  Plaintiff's Complaint alleges that two judgments were issued against him

---
1.     Pursuant to Local Civil Rule 73.20(B)(2)(e) (D.S.C.), all pretrial proceedings have been referred to a United States Magistrate Judge.

without proper notice in "Charleston County Court" on May 12, 2011, in violation of his "civil rights." (Pl.'s Compl. 1, 3, ECF No. 1.) Plaintiff seeks declaratory and injunctive relief under the "Declaratory Judgement [sic] Act and other applicable Federal statutes." (*Id.* at 1.) Along with his Complaint, Plaintiff also filed the present Motion requesting preliminary injunctive relief, as well as a temporary restraining order, enjoining the enforcement of the two judgments. Plaintiff's Motion for Preliminary Injunction was accompanied by a Memorandum in Support.

On February 26, 2015, the Magistrate Judge entered a Report and Recommendation ("February 26 R&R") recommending that the Court deny Plaintiff's Motion for Preliminary Injunction as it relates to his request for a temporary restraining order ("TRO"). On March 13, 2015, Plaintiff filed his Objections to the February 26 R&R. On April 23, 2015, this Court issued an Order ("April 23 Order") deferring ruling on the portion of the Motion requesting preliminary injunctive relief, denying Plaintiff's request for a TRO, and adopting the February 26 R&R. The April 23 Order further recommitted this matter to the Magistrate Judge for consideration in the context of Plaintiff's remaining request for preliminary injunctive relief.

On March 23, 2015, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was notified of the dismissal procedure and the possible consequences for failure to adequately respond. On April 20, 2015, Plaintiff filed a Response to the Motion to Dismiss. Defendants filed a Reply on April 30, 2015.[2] On July 23, 2015, the Magistrate Judge issued an R&R recommending that this Court deny Plaintiff's Motion for Preliminary Injunction and grant

---

2. Plaintiff filed a Sur-Reply on May 8, 2015. Under the Local Civil Rules, "[r]eplies to responses are discouraged." Local Civ. Rule 7.07 (D.S.C.). Moreover, neither the Federal Rules of Civil Procedure nor the Local Civil Rules permit the filing of a sur-reply without leave of the Court. In the present case, Plaintiff did not seek or obtain leave to file a sur-reply. Accordingly, Plaintiff's Sur-Reply is not properly before the Court and will not be considered in ruling on the R&R. Nevertheless, having reviewed the Sur-Reply, the Court concludes that the arguments contained therein would not alter the Court's analysis or determination of the legal issues presently before the Court.

6

Defendants' Motion to Dismiss. Plaintiff timely filed Objections. On August 14, 2015, Defendants filed a Reply to Plaintiff's Objections.

In recommending that Defendants' Motion to Dismiss be granted and that Plaintiff's Motion for a Preliminary Injunction be dismissed as moot, the magistrate judge noted that Plaintiff's Complaint "attempts to challenge a state court decision," (R&R at 4), and further noted that such actions are barred by the *Rooker–Feldman* doctrine, which prevents a party who lost in state court from challenging that loss in federal court. The magistrate judge determined that because the *Rooker–Feldman* doctrine barred Plaintiff's attempt to seek relief from the Charleston County Court—as well as two judges who presided over the at-issue state-court proceedings—this Court lacked jurisdiction to consider Plaintiff's claims.

In his Objections,[3] Plaintiff attempts to avoid the application of the *Rooker–Feldman* doctrine by characterizing his federal court claim as a "civil rights declaration concerning the State Court's reluctance to follow proper Judicial Procedure during the time the State Court executed its judgment against Plaintiff." (Pl.'s Obj. 1.) He alleges that his "request to the court is not for a review or oversight of the State Court's decision." (*Id.* at 2.) Instead, Plaintiff alleges that "during the State Court process the court broke judicial rules," "strip[ping] [him] of his right to trial," and, therefore, there is a "civil rights question" over which this Court has jurisdiction. (*Id.*)

## **DISCUSSION**

Although Defendants bring the Motion to Dismiss on the theory that Plaintiff fails to state a claim pursuant to Rule 12(b)(6), the magistrate judge independently raised the issue of whether this Court lacks subject-matter jurisdiction over Plaintiff's claims because of the operation of the

---

3. Plaintiff did not object to the magistrate judge's factual summary and therefore the Court adopts the R&R's factual recitation.

7

*Rooker–Feldman* doctrine. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997) (noting that the *Rooker–Feldman* doctrine is a jurisdictional matter that a court is empowered to raise *sua sponte*); *see also In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (noting that a federal court is required, *sua sponte*, to dismiss an action if it determines that a valid basis for its jurisdiction does not exist) *and* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears. . .that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

The *Rooker–Feldman* doctrine is "one of a number of doctrines that safeguards our dual system of government from federal judicial erosion." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). As the Magistrate Judge stated in the R&R, under the *Rooker–Feldman* doctrine, superior state courts, and ultimately, the United States Supreme Court, have exclusive jurisdiction to review state court decisions such that the lower federal courts are generally barred from reviewing such decisions. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker–Feldman* doctrine prevents a federal court from asserting jurisdiction in cases brought by state court litigants dissatisfied with state-court judgments and "inviting district court review and rejection of those judgments"). The doctrine applies not only to matters directly decided by the state court but also to claims which are "inextricably intertwined" with state court decisions. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983). Furthermore, "[i]t is settled that 'a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.'" *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (quoting *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir. 1984)); *accord Guess v. Bd. of Med. Exam'rs*, 967 F.2d 998, 1005 (4th

8

Cir. 1992) ("Artificial attempts to redefine the relief sought are not sufficient to overcome the requirements of *Feldman*.").

Despite Plaintiff's strenuous attempts to distinguish his cause of action as a violation of constitutional law as opposed to an attack on a state court judgment, Plaintiff has no claim independent of the adverse state-court decisions. Default judgments were entered against him in state court. Plaintiff asserts that his alleged injury—namely, the violation of his right to due process—was caused by the entry of the state-court judgments. Any evaluation of Plaintiff's constitutional claim would necessarily require this Court to reexamine the state court's procedures, an analysis which the *Rooker–Feldman* doctrine does not permit. *See Ritter*, 992 F.2d 754–55 (holding that the *Rooker–Feldman* doctrine barred suit by plaintiffs who brought a federal civil rights action based on their claim that a state court erroneously and unconstitutionally approved the sale of their land). Plaintiff's federal claims are inseparable from his state case, and thus the *Rooker–Feldman* doctrine deprives the Court of subject-matter jurisdiction in this case.[4]

In addition to injunctive relief, Plaintiff seeks a declaratory judgment that various actions taken by Defendants violated Plaintiff's federal constitutional rights. (Compl. at 4.) However, as noted by the magistrate judge, declaratory judgments "are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 F. App'x. 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir. 2002). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* Thus, to the extent Plaintiff seeks a declaration that Defendants' past behavior constituted a violation of his rights, Plaintiff does not state a plausible claim for relief. *See*

---

4.    Furthermore, Plaintiff's claims do not fall within any exception to the *Rooker–Feldman* doctrine.

*Stokes v. Moorman*, C/A No. 9:10–1711–CMC–BM, 2010 WL 3862568, at *5 (D.S.C. Aug. 17, 2010) adopted by 2010 WL 3834470 (D.S.C. Sept. 27, 2010) ("Plaintiff is not entitled to the declaratory relief that he seeks in the instant Complaint because he does not ask the Court to define the parties' rights in the future, he seeks merely a declaration from the Court that Defendant[s] violated his rights in the past.").

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. It is **THEREFORE ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. It is **FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction is **DISMISSED** as moot.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 18, 2015**
**Charleston, South Carolina**